Dear Senate Taylor,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
1. When an independent school district offers to school districtemployees a "cafeteria plan" pursuant to section 125 of theInternal Revenue Code, does the board of education of suchindependent school district have the power to select thecompanies that may extend benefits to employees under the"cafeteria plan"?
2. When an independent school district offers such a "cafeteriaplan" to its employees, does the board of education have thepower to assess and collect, from the companies that extendbenefits under the "cafeteria plan," reasonable fees to offsetthe cost of administering the "cafeteria plan"?
¶ 1 A "cafeteria plan" is an employer-sponsored benefit package that offers employee-participants a choice between receiving cash and other taxable benefits, or receiving non-taxable benefits in lieu thereof. See 26 U.S.C.A. 125; 47A C.J.S. Internal Revenue, 275; and 37 v. Fla. L. Rev. 615 (1985). If the employee-participant chooses taxable benefits, those benefits are includable in the employee's gross income for tax purposes; if non-taxable benefits are chosen, they are excludable from the employee's gross income to the extent allowed by law. Ibid.
¶ 2 Your questions concern the power of a board of education to select the companies that may extend benefits under a "cafeteria plan" and to assess and collect a fee to offset the cost of administering such a "cafeteria plan."
¶ 3 Selecting the companies that may provide benefits and assessing administration costs is not unprecedented. The State and Education Employees Group Insurance Board is in an analogous position and possesses such powers. That Board administers and manages group insurance plans for state employees and employees of educational entities, including school districts. That Board has the power to "select and contract with federally qualified Health Maintenance Organizations . . . for consideration by employees . . . and to transfer to the HMOs such funds as may be approved for an employee electing HMO services." 74 O.S.1306(j) (1988). Furthermore, that Board has the power "tto assess and collect reasonable fees from such contracted and federally qualified HMOs to offset the costs of administration."74 O.S. 1306(k) (1988).
¶ 4 A school board can exercise those powers that are granted in express words, those fairly implied in or necessarily incidental to the powers expressly granted. Bd. of Ed. ofOklahoma City v. Cloudman, 92 P.2d 837, 841 (Okla. 1939); Ind.School Dist. No. 8 of Seiling v. Swanson, 553 P.2d 496, 501
(Okla. 1976). See also, A.G.Opin. No. 80-236.
¶ 5 An independent school district has the express power to fix the compensation of its employees. 70 O.S. 5-117(A)(14) (1988). Regarding compensation and benefits to its employees, a school district has other express powers set out in 70 O.S. 5-140
(1981) which provides:
 A local school district, by action of a majority of its school board, may, in lieu of a particular insurance or similar benefit granted by the district to its employees, allow and pay to the employee additional salary or wages equal to the cost of such insurance or similar benefit.
¶ 6 Thus, an independent school district has the power to grant its employees insurance or similar benefits.
¶ 7 Since an independent school district has the express power to compensate its employees, and to offer its employees insurance or similar benefits or the cash equivalent of such insurance or similar benefits, it can be fairly implied that an independent school district has the power to offer its employees a "cafeteria plan."
¶ 8 Your question is, when a school district determines which insurance or similar benefits it wishes to offer to its employees, does the school district have the power to determine which companies shall provide the benefits? From the express power to grant its employees insurance or similar benefits, it can be fairly implied that a school district also has the power to determine which companies shall provide such benefits. Bd. ofEd. of Oklahoma City v. Cloudman, 92 P.2d at 841. Orderly and efficient administration of the school district requires that the school district have the power to make such determination.
¶ 9 When a school district purchases benefits for its employees, it must follow statutory procedures for making such purchases. (See, e.g., 70 O.S. 5-123 (1988), which provides that a board of education may make no expenditure involving an amount greater than $500 except in accordance with the provisions of a written contract or purchase order.) Any school district contemplating offering benefits to its employees should determine what statutory procedures it must follow in obtaining such benefits.
¶ 10 Also, there are statutes which give school district employees the right to negotiate what benefits they shall receive and the manner in which they shall be provided. See 70 O.S.509.1 (1988) et seq. Rights granted school district employees under this collective bargaining statute may limit the manner in which the school district exercises its discretion. Any such limitations will depend on facts specific to each district, the resolution of which is beyond the scope of an Attorney General Opinion.
¶ 11 Your second question is whether an independent school district has the power to assess and collect, from the companies that extend benefits under a "cafeteria plan," reasonable fees to offset the cost of administering the "cafeteria plan." For the purposes of this opinion, the term "administering a cafeteria plan" means making payroll deductions and forwarding the deducted amounts to the appropriate benefit-provider.
¶ 12 From the express power to grant insurance and similar benefits to employees, 70 O.S. 5-140 (1981), an independent school district impliedly has the power to contract with companies whereby the companies will provide insurance and similar benefits to school district employees. Bd. of Ed. ofOklahoma City v. Cloudman, 92 P.2d at 841. The administration of a "cafeteria plan" — that is, making payroll deductions and forwarding the deducted amounts to the companies providing the benefits — is an added administrative burden. As part of its power to contract with companies to obtain benefits for its employees, an independent school district impliedly has the power to include in such a contract a provision that would authorize the school district to assess and collect, from the companies providing the benefits, a fee to cover the cost of administering such a cafeteria plan. Ibid.
¶ 13 Also, the Legislature has expressly granted to school boards the power to make rules and regulations, not inconsistent with the law or rules and regulations of the State Board of Education, governing the board and the school system of the district. 70 O.S. 5-117(A)(2) (1988). Accordingly, an independent school district could adopt rules specifying the requirements for companies that would offer benefits to school district employees. Any school district contemplating adopting such rules should satisfy itself that its proposed rules do not conflict with the law and rules and regulations of the State Department of Education.
¶ 14 It is, therefore, the official opinion of the AttorneyGeneral that by virtue of the provisions of 70 O.S.5-117(A)(14) (1988) and 70 O.S. 5-140 (1981), anindependent school district has the power to offer schooldistrict employees a "cafeteria plan." Furthermore, anindependent school district has the power to select the companiesthat would provide insurance or similar benefits under such a"cafeteria plan," subject to statutory limitations pertaining toschool district employee collective bargaining and statutorypurchasing procedures. An independent school district also hasthe power to assess and collect fees to offset the cost ofadministering a "cafeteria plan" from the companies providing thebenefits.
ROBERT H. HENRY Attorney General of Oklahoma
JEFF MIXON Assistant Attorney General